IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

```
DENNIS L. BALDERES,           )
                              )
             Plaintiff,       )
                              )
vs.                           )     Case No. 08-1378-WEB
                              )
MICHAEL J. ASTRUE,            )
Commissioner of               )
Social Security,              )
                              )
             Defendant.       )
_____)
```

RECOMMENDATION AND REPORT

This is an action reviewing the final decision of the Commissioner of Social Security denying the plaintiff supplemental security income payments. The matter has been fully briefed by the parties and has been referred to this court for a recommendation and report.

### I. General legal standards

The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The court should review the Commissioner's decision to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the

correct legal standards.  Glenn v. Shalala, 21 F.3d 983, 984 (10th Cir. 1994).  Substantial evidence requires more than a scintilla, but less than a preponderance, and is satisfied by such evidence that a reasonable mind might accept to support the conclusion.  The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion.  Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).  Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted.  Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational.  Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992).  The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met.  Glenn, 21 F.3d at 984.

     The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial

gainful activity (SGA).  The claimant's physical or mental impairment or impairments must be of such severity that they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.   42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability.  If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further.  At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity."  At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled.  If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not

to be disabled.  If the claimant survives step four, the fifth and final step requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis.  Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993).  At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy.  Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993).  The Commissioner meets this burden if the decision is supported by substantial evidence.  Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC).  This RFC assessment is used to evaluate the claim at both step four and step five.  20 C.F.R. §§ 404.1520(a)(4), 404.1520(e,f,g); 416.920(a)(4), 416.920(e,f,g).

**II. History of case**

On February 22, 2007, administrative law judge (ALJ) William H. Rima issued his decision (R. at 20-30).  Plaintiff alleges that he has been disabled since May 31, 2004 (R. at 20).  At step one, the ALJ determined that plaintiff has not performed

substantial gainful activity since May 31, 2004, the alleged onset date of disability (R. at 22).  At step two, the ALJ found that plaintiff has the following severe impairments: status-post brain stem stroke; depressive disorder; cognitive disorder not otherwise specified; and substance abuse/addiction disorder in early remission.  The ALJ further found a non-severe impairment of memory deficits (R. at 22).  At step three, the ALJ determined that plaintiff's impairments do not meet or equal a listed impairment (R. at 23).  After determining plaintiff's RFC (R. at 25), the ALJ found at step four that plaintiff has no past relevant work (R. at 29) .  At step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that plaintiff can perform (R. at 29-30).  Therefore, the ALJ concluded that plaintiff was not disabled (R. at 30).

**IV.  Did the ALJ's RFC findings encompass all of plaintiff's mental limitations?**

According to SSR 96-8p, the RFC assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts...and nonmedical evidence."  The ALJ must explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.  The RFC assessment must always consider and address medical source opinions.  If the RFC assessment conflicts with an opinion from a medical source, the ALJ must explain why

the opinion was not adopted.  SSR 96-8p, 1996 WL 374184 at *7.
SSR rulings are binding on an ALJ.  20 C.F.R. § 402.35(b)(1);
Sullivan v. Zebley, 493 U.S. 521, 530 n.9, 110 S. Ct. 885, 891
n.9, 107 L. Ed.2d 967 (1990); Nielson v. Sullivan, 992 F.2d 1118,
1120 (10th Cir. 1993).  When the ALJ fails to provide a narrative
discussion describing how the evidence supports each conclusion,
citing to specific medical facts and nonmedical evidence, the
court will conclude that his RFC conclusions are not supported by
substantial evidence.  See Southard v. Barnhart, 72 Fed. Appx.
781, 784-785 (10th Cir. July 28, 2003).  The ALJ's decision must
be sufficiently articulated so that it is capable of meaningful
review; the ALJ is charged with carefully considering all of the
relevant evidence and linking his findings to specific evidence.
Spicer v. Barnhart, 64 Fed. Appx. 173, 177-178 (10th Cir. May 5,
2003).  It is insufficient for the ALJ to only generally discuss
the evidence, but fail to relate that evidence to his
conclusions.  Cruse v. U.S. Dept. of Health & Human Services, 49
F.3d 614, 618 (10th Cir. 1995).  When the ALJ has failed to
comply with SSR 96-8p because he has not linked his RFC
determination with specific evidence in the record, the court
cannot adequately assess whether relevant evidence supports the
ALJ's RFC determination.  Such bare conclusions are beyond
meaningful judicial review.  Brown v. Commissioner of the Social
Security Administration, 245 F. Supp.2d 1175, 1187 (D. Kan.

2003).

The ALJ's RFC findings for the plaintiff stated that: "Due to his mental limitations, the claimant would be restricted to unskilled work of a simple and routine nature" (R. at 25).[1] In his decision, the ALJ appeared to give great weight to the consultative examinations and opinions by Dr. Barnett and Dr. Moeller (R. at 27-28). The ALJ further stated that the findings of the state agency mental RFC assessment by Dr. Adams were being "adopted" by the ALJ (R. at 28-29). The assessment by Dr. Adams, dated April 11, 2005, indicated that plaintiff had 4 moderate limitations:

> The ability to understand and remember detailed instructions.
>
> The ability to carry out detailed instructions.
>
> The ability to maintain attention and concentration for extended periods.
>
> The ability to work in coordination with or proximity to others without being distracted by them.

(R. at 345, 347).

Dr. Adams further indicated in his narrative statement that plaintiff would be capable of "simple work" and would be best

---

[1] The ALJ's RFC findings also included various physical limitations (R. at 25). However, the only issue raised by plaintiff is that the ALJ failed to properly include in plaintiff's RFC all the mental limitations which are supported by the evidence (Doc. 15 at 4).

7

suited for work with limited distractions or public contact (R. at 347). Dr. Barnett, in his evaluation of March 16, 2005, stated that plaintiff appeared to be organically, cognitively impaired in a manner that would interfere with employment, was notably distractible, and would therefore be capable of simple but not complex work tasks (R. at 341, 342, 343).

The ALJ's RFC finding limiting plaintiff to unskilled work of a simple and routine nature does appear to reflect the finding of Dr. Adams that plaintiff has moderate limitations in the ability to understand, remember, and carry out detailed instructions. However, the ALJ failed to mention, and without explanation, failed to include in his RFC findings the other moderate limitations set forth by Dr. Adams (the ability to maintain attention and concentration for extended periods, and the ability to work in coordination with or proximity to others without being distracted by them), even though the ALJ states in his decision that he "adopted" the findings of the assessment by Dr. Adams. Both Dr. Adams and Dr. Barnett made findings that plaintiff had problems with being distracted, which are consistent with moderate limitations in the ability to maintain attention and concentration for extended periods, and in the ability to work in coordination with or proximity to others without being distracted by them.

In the case of <u>Brown v. Commissioner of Social Security</u>

Administration, 245 F. Supp.2d 1175, 1186-1187 (D. Kan. 2003), the ALJ purported to base his RFC findings on a medical assessment.  However, the ALJ's findings were not consistent with many items reflected in the assessment.  The court noted that the ALJ never explained why he made findings inconsistent with the assessment, nor did he even acknowledge that he was rejecting portions of the assessment.  The ALJ failed to cite to any medical records in support of his RFC findings other than the medical assessment.  Because the ALJ failed to link his RFC determination with specific evidence in the record, the court held that he failed to comply with SSR 96-8p.  In <u>Valdez v. Astrue</u>, Case No. 08-1260-MLB (D. Kan. Aug. 19, 2009, Doc. 12 at 13-17), the court reversed the decision of the Commissioner because the ALJ, despite giving substantial weight to the opinions of Dr. Stern, failed to provide any explanation for not including some of Dr. Stern's limitations in his RFC findings, in violation of SSR 96-8p.  Likewise, in <u>Smith v. Astrue</u>, Case No. 08-1052-MLB (D. Kan. June 4, 2009, Doc. 20 at 7-13), the court reversed the decision of the Commissioner because the ALJ, despite "adopting" two medical assessment opinions, made RFC findings which did not match either assessment.  The court held that the ALJ violated SSR 96-8p because the ALJ's RFC assessment conflicted with medical source opinions that he had purportedly adopted, and the ALJ failed to explain why he did not include in

his RFC findings all of the restrictions contained in those medical assessments.

The court should not engage in the task of weighing evidence in the first instance, Clifton v. Chater, 79 F.3d 1007 at 1009; Neil v. Apfel, 1998 WL 568300 at *3 (10th Cir. Sept. 1, 1998), but should review the Commissioner's decision only to determine whether his factual findings are supported by substantial evidence and whether he applied the correct legal standards. Clifton, 79 F.3d at 1009. Furthermore, an ALJ must evaluate every medical opinion in the record. Hamlin v. Barnhart, 365 F.3d 1208, 1215 (10th Cir. 2004). Even on issues reserved to the Commissioner, including plaintiff's RFC and the ultimate issue of disability, opinions from any medical source must be carefully considered and must never be ignored. Social Security Ruling (SSR) 96-5p, 1996 WL 374183 at *2-3. It is clear legal error to ignore a medical opinion. Victory v. Barnhart, 121 Fed. Appx. 819, 825 (10th Cir. Feb. 4, 2005). However, without any explanation, the ALJ simply ignored some of the limitations set forth by Dr. Adams even though the ALJ stated that he adopted his findings. Furthermore, when the RFC assessment conflicts with an opinion from a medical source, the ALJ must explain why the opinion was not adopted. SSR 96-8p, 1996 WL 374184 at *7. The ALJ, in violation, of SSR 96-8p, offered no explanation for not including in his RFC findings all of the moderate limitations set

forth by Dr. Adams.

Because of the ALJ's failure to either include all four moderate limitations identified by Dr. Adams, or to provide a legally sufficient explanation for not including them in his RFC findings, the case shall be remanded in order for the ALJ to comply with SSR 96-8p.  Furthermore, since the ALJ did not include all four limitations in his RFC findings, the court cannot determine, in the first instance, the impact of all four moderate limitations on his step five determination that plaintiff can perform the mental demands of unskilled work. As noted above, the court should not engage in the task of weighing evidence in the first instance, Clifton v. Chater, 79 F.3d 1007 at 1009; Neil v. Apfel, 1998 WL 568300 at *3 (10th Cir. Sept. 1, 1998), but should review the Commissioner's decision only to determine whether his factual findings are supported by substantial evidence and whether he applied the correct legal standards.  Clifton, 79 F.3d at 1009.

The court cannot find that the failure to include all four limitations was harmless error.  Courts should apply the harmless error analysis cautiously in the administrative review setting. Fischer-Ross v. Barnhart, 431 F.3d 729, 733 (10th Cir. 2005). However, it may be appropriate to supply a missing dispositive finding under the rubric of harmless error in the right exceptional circumstance where, based on material the ALJ did at

least consider (just not properly), the court could confidently say that no reasonable factfinder, following the correct analysis, could have resolved the factual matter in any other way. Fischer-Ross, 431 F.3d at 733-734; Allen v. Barnhart, 357 F.3d 1140, 1145 (10th Cir. 2004).

At step five, the ALJ found that plaintiff, given his mental limitations which restrict him to unskilled work of a simple and routine nature, can perform the mental activities generally required by unskilled work (R. at 29-30). First, there is no indication in the record that the ALJ even considered the opinion of Dr. Adams that plaintiff had moderate limitations in the ability to maintain attention and concentration for extended periods, or in the ability to work in coordination with others without being distracted by them. Furthermore, the ALJ cited to no evidence, regulation, or ruling that a person with all four moderate limitations identified by Dr. Adams can perform most, if not all, unskilled work, or that there will not be a significant erosion of the unskilled light and sedentary occupational base if a person has moderate limitations in all four areas. Neither SSR 85-15 or 96-9p, cited by the ALJ in his decision (R. at 30), discusses the impact of moderate limitations in all four categories identified by Dr. Adams on unskilled work.

Furthermore, the terms "simple" and "unskilled," which the ALJ included in plaintiff's RFC, do not adequately incorporate

the more specific limitations contained in the assessment by Dr. Adams.  In <u>Wiederholt v. Barnhart</u>, 121 Fed. Appx. 833, 839 (10th Cir. Feb. 8, 2005), the court held:

> The relatively broad, unspecified nature of the description "simple" and "unskilled" does not adequately incorporate the ALJ's additional, more specific findings regarding Mrs. Wiederholt's mental impairments. Because the ALJ omitted, without explanation, impairments that he found to exist, such as moderate difficulties maintaining concentration, persistence, or pace, the resulting hypothetical question was flawed.

It has also been held that simple work can be ruled out by a vocational expert on the basis of a serious impairment in concentration and attention.  Furthermore, moderate impairments may also decrease one's ability to perform simple work.  <u>Bowers v. Astrue</u>, 271 Fed. Appx. 731, 733 (10th Cir. March 26, 2008).  For these reasons, the court cannot say that no reasonable factfinder, had he included all four moderate limitations set forth by Dr. Adams, could have resolved the factual matter in any other way than the ALJ did in this case.

IT IS THEREFORE RECOMMENDED that the decision of the Commissioner be reversed, and that the case be remanded for further proceedings (sentence four remand) for the reasons set forth above.

Copies of this recommendation and report shall be provided to counsel of record for the parties.  Pursuant to 28 U.S.C. § 636(b)(1), as set forth in Fed.R.Civ.P. 72(b) and D. Kan. Rule

72.1.4, the parties may serve and file written objections to the recommendation within 10 days after being served with a copy.

Dated at Wichita, Kansas, on September 28, 2009.

                                    s/Gerald B. Cohn
                                    GERALD B. COHN
                                    United States Magistrate Judge